Order and judgment (one paper), Supreme Court, New York County (Martin Schoenfeld, J.), entered August 25, 2011, granting respondent’s motion to vacate a default judgment against it, and dismissing the petition to vacate an arbitration award, unanimously affirmed, without costs.
Contrary to petitioner’s argument, respondent timely served its motion papers by mailing them more than nine days before the return date, using an overnight delivery service (see CPLR 2103 [b] [6]; 2214 [b]).
Petitioner failed to show that the petition was served on a person authorized to receive service of process pursuant to CPLR 311 (a) (1). The provision of the parties’ franchise agreement on which petitioner relies concerns only service of a notice required by the agreements, not service of process required by the CPLR. Moreover, commencement of the proceeding was untimely, since the purported service occurred more than 90 days after the award was received (see Werner Enters. Co. v New York City Law Dept., 281 AD2d 253 [2001], lv denied 97 NY2d 601 [2001]).
In any event, the petition fails to present a basis for vacating the arbitration award. The omission of a reference to a tax withholding requirement does not create an explicit conflict with any law or public policy requiring tax withholding (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 327 [1999]). Petitioner’s argument that the award is barred by res judicata is without merit, since it relies on a proceeding to which petitioner was not a party (see Matter of Hunter, 4 NY3d 260, 269 [2005]). Concur — Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Roman, JJ. [Prior Case History: 2011 NY Slip Op 32250(11).]